DENIKE (Case No. 3,787)                    [7 Fed. Cas. page 460]

and in view of the authorities hereinbefore referred to, as reported in Rockwell, — the court cannot consider the authority of Pio Pico to make the grant, under which plaintiff claims title, as having been established. The court, therefore, acting as a jury, find a verdict in favor of the defendants.

---

DENEALE (BANK OF ALEXANDRIA v.). See Case No. 846.

DENEALE (BETTY v.). See Case No. 1,375.

DENEALE (STUMP v.). See Case No. 13,-560.

DENEALE (UNITED STATES v.). See Case No. 14,946.

---

## Case No. 3,785.

### DENEALE v. YOUNG.

[2 Cranch, C. C. 200.] [1]

Circuit Court, District of Columbia. April, 1820.

APPEAL FROM ORPHANS' COURT—SECURITY FOR COSTS.

An executrix has a right to appeal from a sentence of the orphans' court, to this court, without giving security to prosecute the appeal with effect; and this court will grant a mandamus accordingly.

On the motion of Mary Deneale, executrix of the will of George Deneale, a rule was granted her against Robert Young, Esq., the judge of the orphans' court, to show cause why a mandamus should not issue commanding him to allow her appeal to this court from the judgment pronounced by him on the petition of John Stump's agent, without requiring from her the performance of the conditions annexed by him to his order for allowing the said appeal; which conditions were the paying the costs which had accrued, and giving bond and security (pending the appeal,) in the sum of $15,000, to prosecute her appeal with effect.

Mr. Mason, for the executrix.

Mr. Swann, for the judge.

THE COURT (nem. con.) made the rule absolute and issued the mandamus.

---

## Case No. 3,786.

### DENEALE v. YOUNG.

[2 Cranch, C. C. 418.] [1]

Circuit Court, District of Columbia. Oct., 1823.

ASSUMPSIT—SET-OFF—NOTICE.

Unless notice of set-off be given before the suit is called for trial, it will not be permitted to be given in evidence, upon non assumpsit.

Mr. Fendall and Mr. Lear, for plaintiff.

Key & Dunlop, for defendant.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Key, for defendant, offered to prove a set-off without notice given before the suit was called for trial.

The plaintiff's counsel objected that it was too late.

THE COURT (nem. con.) so decided.

---

DENIG (BURDELL v.). See Case No. 2,142.

---

## Case No. 3,787.

### DENIKE v. ROURKE.

[3 Biss. 39; [1] 3 Chi. Leg. News, 345.]

Circuit Court, N. D. Illinois. June Term, 1871.

SECOND TAX SALE—POSTPONES DEED—MUNICIPAL TAXES.

1. Under the statute of Illinois, if the purchaser at tax sale allows the land to be again sold, within two years, whether for the same class of taxes or for other taxes properly assessed, his right to a deed is postponed, and a deed obtained within the limitation from the second sale is void and inoperative.

2. Municipal taxes are levied under the same general authority as state and county taxes, and a sale by municipal authority is essentially a sale by state authority.

3. In claiming title under a tax deed, the purchaser, having served a notice upon the person in whose name the land was taxed, as required by section 4, art. 9, of the constitution of Illinois, must show affirmatively by proof that such person, at the time of such service, resided in the county where the land is situated.

4. Constitutional provisions for the protection of tax-payers must be strictly construed.

Ejectment for lot 6, of Mayer's subdivision of lots 1 and 4, in block 22, in the canal trustees' subdivision of the south fractional half of section 29, township 39, range 14, situated in Cook county, Illinois.

Homer Cook, for plaintiff.

Wm. B. Snowhook, for defendant.

BLODGETT, District Judge. Upon the trial the plaintiff exhibited a chain of title from the United States government to himself, such as, if no defense were interposed, clearly showed the fee simple in the property to be in the plaintiff as averred in his declaration. But the defendant, to defeat the plaintiff's right of recovery, claimed title under a tax deed executed by the sheriff of Cook county to P. W. Snowhook, and a deed from P. W. Snowhook to the defendant. Said tax deed was predicated upon a sale made by the collector of Cook county to said P. W. Snowhook on the 27th day of August, 1866, for the taxes of 1865. Defendant also showed the assessment of said taxes, a warrant for the collection thereof, return by the collector as delinquent, due notice of application for judgment against said lot for delinquent taxes, and judgment, the issue of precept, and sale in pursuance of said judgment, and also an affidavit filed by said P. W. Snowhook before

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]